UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. HAMBRICK,

        **Petitioner,**                       Case No. 07-13703
vs.                                           HONORABLE DENISE PAGE HOOD

BLAINE LAFLER,

        **Respondent.**
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation, dated November 9, 2009. Neither party has filed objections to the Magistrate Judge's Report and Recommendation.

The Magistrate Judge recommended that the Court deny Petitioner's Petition for Writ of Habeas Corpus. After review of Petitioner's Petition for Writ of Habeas Corpus, Respondent's Response in Opposition to Petitioner's Petition for Writ of Habeas Corpus and the Magistrate Judge's Report and Recommendation, the Court concludes that the Magistrate Judge reached the correct conclusion.[1] Petitioner is not entitled to habeas corpus relief; the state courts' resolution of

---

[1] The Court notes a factual error contained on page twenty-four (24) in the Magistrate Judge's Report and Recommendation. *See* Dkt. No. 13 at 24. Specifically, the Magistrate Judge refers to Petitioner's conviction on the CSC-I charge, or for first degree criminal sexual conduct, which carries a maximum sentence of life imprisonment. As the record establishes, Petitioner was convicted on CSC-II, which carries a maximum penalty of fifteen years imprisonment. These factual errors do not alter this Court's acceptance of the Magistrate Judge's conclusion that Petitioner's sentencing claims do not warrant habeas relief.

his claims did not result in a decision that was contrary to, or which involved an unreasonable application of, clearly established federal law.

Before Petitioner may appeal the Court's dispositive decision denying his petition for a writ of habeas corpus, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3)(B); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner first claimed that he was denied the effective assistance of counsel for various reasons (claim I). The Court concludes that as to Petitioner's claim that his counsel was ineffective for failure to move for an *in camera* hearing to review Child Protective Services reports concerning the victim, lacks merit because the record directly contradicted Petitioner's assertion. The Court also finds that Petitioner's counsel was not ineffective for failing to insist that Petitioner be present at the *in camera* hearing because the pretrial questions of law discussed during the hearing did not amount to a critical stage of the proceedings necessitating Petitioner's presence. *See United States v. Gagnon*, 470 U.S. 522, 526 -27 (1985). This Court also concludes that Petitioner's assertion that his counsel was ineffective for failing to interview and call witnesses, file pre-trial motions and effectively defend the charges against him is similarly without merit. Petitioner failed to identify

any witnesses, and what each would testify to, therefore he could not establish his counsel was ineffective. *See United States v. Green*, 882 F. 2d 999, 1003 (5th Cir. 1989). Similarly, the Court rejects Petitioner's argument that counsel was ineffective for failing to file pre-trial motions because Petitioner failed to indicate which particular motions should have been filed. Petitioner failed to establish that his counsel's performance was deficient for failing to call witnesses or file pre-trial motions, nor that he was prejudiced by such performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1987); *Lewis v. Alexander*, 11 F. 3d 1349, 1352 (6th Cir. 1993). The Court also finds no merit in Petitioner's allegation that his counsel failed to object to the trial court's scoring of offense variable 12, as the record established that counsel in fact objected to this during the sentencing hearing. Petitioner is not entitled to a certificate of appealability on his ineffective assistance of counsel claim because reasonable jurists would not find this Court's assessment of his claim debatable or wrong.

This Court also concludes that Petitioner was not entitled to habeas relief on his claims of trial court error (claims II and III). The Court rejects Petitioner's argument that the trial court deprived him of a fair trial by prohibiting him from presenting evidence at trial that the victim had made prior false allegations of rape because Petitioner's guilty plea effectively waived his right to appeal the trial court's rulings. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). This Court further denies Petitioner's assertion that his plea was involuntary because the trial court's evidentiary rulings coerced his guilty plea, and he was not aware that offense variable 12 would be scored at 50 points for penetration, when the CSC-I charges were dismissed when Petitioner pled to CSC-II. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *United States v. Davis*, 954 F. 2d 182, 185 (4th Cir. 1992); Mabry v. Johnson, 467 U.S. 504, 511 (1984). Petitioner also argued that the

trial court erred by scoring offense variable 12. Claims that the trial court committed errors under state law are not cognizable on habeas corpus review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The Court fins that Michigan's indeterminate sentencing scheme was not implicated by either the holding in *Blakely v. Washington* v. 542 U.S. 296 (2004) or *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Mays v. Trombley*, No. 06-cv-14043, 2006 WL 3104656, at *3 (E.D. Mich. Oct. 31, 2006); *Worley v. Palmer*, No. 06-cv-13467, 2006 WL 2347615, at *2 (E.D. Mich. Aug. 11, 2006). The Court concludes that jurists of reason would not find this assessment of Petitioner's trial court error claims debatable or wrong. Petitioner is not entitled to a certificate of appealability on these claims.

Petitioner's last claim, that he is entitled to an evidentiary hearing to develop the factual basis for his innocence is without merit. Petitioner has failed to identify the specific evidence he will uncover to establish his actual innocence, he points only to evidence that the victim made prior false accusations, evidence that is not new and does not warrant the withdrawal of his guilty plea. *United States v. Nichols*, 986 F. 2d 1199, 1201-02 (8th Cir. 1993). Petitioner is not entitled to a certificate of appealability on this claim because jurists of reason would not find this Court's conclusion debatable or wrong.

Accordingly,

IT IS ORDERED that Magistrate Judge Paul J. Komives' Report and Recommendation [**Docket No. 13, filed November 9, 2009**] is ACCEPTED and ADOPTED and this Court's factual findings and conclusions of law.

IT IS FURTHER ORDERED that Petitioner's Petition for the Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a Certificate of Appealability shall not issue.

IT IS SO ORDERED.

                                                      S/Denise Page Hood
                                                      Denise Page Hood
                                                      United States District Judge

Dated: April 30, 2010

I hereby certify that a copy of the foregoing document was served upon Michael A. Hambrick, Reg. No. 502830, Mid-Michigan Correctional Facility, 8201 N. Croswell Rd., St. Louis, MI 48880 and counsel of record on April 30, 2010, by electronic and/or ordinary mail.

                                                        S/William F. Lewis